IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA    *

      vs.    *   CRIMINAL NO. MJG-11-0095

JOHN I. FRANKLIN, Jr., et al.   *

*   *   *   *   *   *   *   *   *

MEMORANDUM AND ORDER RE: SUPPRESSION (FRAZIER)

The Court has before it:

1. The Motion to Suppress Out-Of-Court Identifications and In-Court Identifications filed by Defendant Frazier [Document 92].

2. The Motion to Suppress Statement of Defendant filed by Defendant Frazier [Document 93]

and the materials submitted relating thereto.[1]

The Court has held a hearing, heard evidence and had the benefit of the arguments of counsel. The Court makes its factual findings based on its evaluation of the evidence and the reasonable inferences drawn therefrom.

I. BACKGROUND

On August 14, 2010, about 11:30 p.m., a man identified herein as "the Male Victim," was "hacking"[2] in his green Buick

---

[1] Defendant Williams, having pleaded guilty, did not participate in the hearing. Similar motions filed by Defendant Franklin remain pending.

LeSabre in downtown Baltimore City and picked up three men at the corner of Charles and Baltimore Streets to go to a destination in East Baltimore. Defendant Williams was allegedly in the front passenger seat, Defendant Frazier sitting behind the driver and Defendant Franklin sitting behind the passenger. In the area of the 400 block of North Madeira Street about two miles (six minutes' drive)[3] from the start of the ride, Frazier aimed a gun at the Male Victim and he was forced to pull over. Williams took some possessions (including a cell phone) and Franklin took his driver's license.

The Male Victim was then left in the 400 block of North Madeira Street, used a passerby's cell phone, called the police, and was thereafter met by a Baltimore City Police Officer. The Male Victim described the incident and the carjackers. In particular, he described the carjacker who held the gun as a black male with braids or dreads, wearing a red shirt and a black cap.

The three Defendants departed the 400 block of North Madeira Street in the green LeSabre and arrived in the area of the 4000 block of East Lombard Street, about one and a half miles (six minutes driving time) away. There they encountered

---

[2] "To hack," in this context, is to provide an unauthorized taxi service.
[3] The Court takes judicial notice of the Yahoo Internet directions to provide distance and driving time estimates herein.

three women herein identified as "the Female Victims" who were together, took some possessions from them and a red Dodge Charger belonging to one of them.  Frazier then drove off in the green LeSabre and Franklin and Williams proceeded in the red Charger.

Meanwhile, one of the Female Victims called 911 and reported the incident, gave the vehicle license number and accurately described the carjackers:

> All three men were black.  One was driving, one was fat and bald, the other one was skinny and bald, one had a gun the other one didn't; they had on black, and the other one had on a colorful polo shirt. . . . [The one who had the gun] was skinny, he was about 5'7", really close cut a beard, and he had on all black. . . .  [The second person] was about 5'7" or 5'8" and was heavyset and bald and black. . . .  He had on a colorful polo - a Ralph Lauren shirt . . . multicolored striped.

Gov. Ex. 4 (recording of 911 calls).

Rather promptly, two Baltimore City police cars, one marked, one unmarked, located and were following the two carjacked vehicles, proceeding West on Fayette Street.  When the carjackers became aware of the police presence, they went in different directions.

Frazier, driving the green LeSabre, turned right on North Montrose Street and was stopped, more or less peacefully, by a police street blockage at about the 700 block, about a mile and

3

two thirds (six minutes driving distance) from the 4000 block of East Lombard Street.  Frazier was placed in handcuffs.

Thereafter, estimated to be less than half an hour after the first carjacking, the Male Victim was brought to the scene. He saw Frazier in handcuffs and identified him as one of the carjackers.

Thereafter, Frazier was taken to a police station, was given his Miranda warnings and voluntarily gave a recorded statement.  In the course of the statement, Frazier acknowledged the Miranda warning and gave a purportedly exculpatory explanation for his contact with the Male Victim and his having come to drive the green LeSabre.

When Frazier turned right onto North Montrose Street, Franklin and Williams continued on Fayette Street.  Nothing further of relevance occurred with regard to the motions (Frazier's) addressed herein.

III. DISCUSSION

    A.  Statements

The evidence establishes, beyond doubt, that Frazier was given Miranda warnings and made a voluntary statement that included acknowledgement that he had been in the green LeSabre and had some interaction with the Male Victim but (to the extent understandable) presumably was exculpatory.

B. <u>Identifications</u>

The court determines whether to suppress eyewitness identifications in two steps. First, did the defendant "prove that the identification procedure was impermissibly suggestive." <u>Holdren v. Legursky</u>, 16 F.3d 57, 61 (4th Cir. 1994). "A procedure is unnecessarily suggestive if a positive identification is likely to result from factors other than the witness's own recollection of the crime." <u>Satcher v. Pruett, 126 F.3d 561, 566 (4th Cir. 1997)</u>. If the procedure was impermissibly suggestive, "the court then must determine whether the identification was nevertheless reliable under the totality of the circumstances." <u>Holdren</u>, 16 F.3d at 61. There are five factors to be considered in determining whether a prompt identification is reliable, such that it may be admitted without violating due process: (1) the witness's opportunity to view the accused at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the accused; (4) the level of certainty by the witness at the confrontation; and (5) the length of time between the crime and confrontation. <u>Neil v. Biggers</u>, 409 U.S. 188, 199-200 (1972).

The Male Victim's identification of Frazier was not a "perfect" line-up, but was a "show-up" in which Frazier was in handcuffs near the Male Victim's car. However, as stated in

5

United States v. Porter, 338 Fed Appx. 300, 304 (4th Cir. 2009) (unpublished), "when one-man confrontations occur promptly after the commission of a crime, the police have obtained a good description of the offender, and the show-up is completed under circumstances where it is important to continue the search for the real culprit promptly if he has not been apprehended, they are likely not suggestive."

In the instant case, Frazier was caught driving the Male Victim's car almost immediately after the commission of the Female Victims' carjacking and not long after the Male Victim's carjacking. From the time that Defendants flagged down the Male Victim to the time of the carjacking on North Madeira Street, the Male Victim had ample opportunity to view Frazier, and the description of Frazier that he gave to the responding officer very closely matched Frazier's actual appearance at the time of arrest. Finally, the Male Victim testified that at the show-up he had "no doubt" that Frazier was the carjacker who had held the gun in the back seat of his car. Thus, based on the Biggers factors, the show-up identification of Frazier was reliable. See Biggers, 409 U.S. at 199-200.

Moreover, there is no doubt as to reliability because, in addition to the foregoing facts, Frazier promptly admitted that he had been with the Male Victim in the car although he –

presumably – denies that the carjacking took place as the Male Victim states.

IV. CONCLUSION

For the foregoing reasons:

1. The Motion to Suppress Out-of-Court Identifications and In-Court Identifications filed by Defendant Frazier [Document 92] is DENIED.

2. The Motion to Suppress Statement filed by Defendant Frazier [Document 93] is DENIED.

SO ORDERED, on Monday January 9, 2012.

/s/
Marvin J Garbis
United States District Judge